IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>$25,500.00 UNITED STATES CURRENCY,<br><br>　　　　　　　Defendant. | Civil No. 8:22CV370<br><br>**COMPLAINT FOR FORFEITURE *IN REM*** |

The United States of America, for its cause of action against the defendant property, pursuant to Rule G(2) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, states and alleges as follows:

### Nature of the Action

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881.

### The Defendant *in rem*

2. Defendant property is $25,500 U.S. currency seized by law enforcement from a residence at 2716 Crown Point Avenue, Omaha Nebraska, on June 16, 2022.

3. The U.S. Marshals Service currently has custody of the defendant property in Omaha, Nebraska.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction for an action commenced by the United States pursuant to 28 U.S.C. § 1345, and for an action for forfeiture pursuant to 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action pursuant to 21 U.S.C. § 881.

5. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## Basis for the Forfeiture

7. Defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 2) proceeds traceable to such an exchange, and/or 3) money, negotiable instruments and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## Facts

8. On Thursday June 16, 2022, at approximately 9:19 p.m. the FBI Safe Streets Task Force and the Omaha Police Department Emergency Response Unit executed a federal search warrant at 2716 Crown Point Avenue in Omaha, Nebraska.

9. Upon making announcements outside of the residence the following individuals exited the residence: Laron Hollingsworth, Angelique Burns, Jermaine Hickman, and Labrya Hollingsworth.

10. Once the residence was secured, officers began conducting a search of the inside and outside of the residence.

11. Inside the northwest main level bedroom of the residence officers located a plastic bag containing 99.5 blue pills marked "M30" inside a purple Nike shoebox.

12. The Nebraska Public Service Laboratory confirmed these 99.5 pills were fentanyl.

13. Inside the northwest main level bedroom of the residence officers located another plastic bag containing 26 blue pills marked "M30" inside a shoe on the shoe rack.

14. The Nebraska Public Service Laboratory confirmed these 26 pills were fentanyl.

15. Inside the northwest main level bedroom of the residence officers located several empty clear plastic heat sealable bags inside a shoebox.

16. Inside the northwest main level bedroom of the residence officers located several plastic bags containing marijuana.

17. In total the marijuana located inside the northwest main level bedroom was approximately 150 grams.

18. Inside the northwest main level bedroom of the residence officers located a box of 9mm ammunition in the closet.

19. Inside the northwest main level bedroom of the residence officers located a black magazine containing 12 rounds of 9mm ammunition.

20. Inside the northwest main level bedroom of the residence officers located $28,000 in United States currency in a plastic bin.

21. The $28,000 in U.S. currency was split into three bundles.

22. One bundle contained $8,000.

23. The remaining two bundles contained $10,000 each.

24. All of this currency was in $20 bill denominations.

25. Inside the northwest main level bedroom of the residence officers located venue to Dre'Shaun Burns including a driver's license, credit card, casino game cards, and a letter addressed to Dre'Shaun Burns.

26. Dre'Shaun Burns' driver's license listed 2716 Crown Point Avenue as the address.

27. Inside the northwest main level bedroom of the residence officers located 2 blue pills marked "M30" consistent with fentanyl folded into a $1 bill on the top of the dresser.

28. Multiple vehicles were located on the property to include a Jeep Liberty.

29. Officers asked Angelique BURNS where the keys were for the Jeep Liberty and she said they could be on the fireplace mantle.

30. The officers located keys on the fireplace mantle that opened the locked Jeep Liberty.

31. Officers began searching the Jeep Liberty with no license plates (VIN: 1J4PN2GK8BW595435) that was located in the driveway.

32. Inside the Jeep Liberty officers located an insurance card with Angelique Burns and Laron Hollingsworth's names on it.

33. Inside the Jeep Liberty officers located purchase paperwork to Angelique Burns.

34. Inside the Jeep Liberty officers located a parking ticket to a gold Monte Carlo.

35. Inside the Jeep Liberty officers located two firearms.

36. One firearm was a Glock 9mm handgun with serial number: ZEX922.

37. This firearm was reported stolen.

38. This firearm was located under the front driver floor mat of the Jeep Liberty.

39. The second firearm was a Taurus Millennium G2 9mm handgun with serial number: TGR85810.

40. This firearm was located under the front driver floor mat of the Jeep Liberty.

41. Inside the Jeep Liberty under the driver's seat, officers located approximately 100 grams of marijuana in 5 plastic bags contained within a larger heat sealable plastic bag.

42. Inside the Jeep Liberty officers located multiple clear plastic bags containing drug residue in the center console.

43. Inside the Jeep Liberty officers located an operable digital scale in the center console.

44. Inside the Jeep Liberty officers located a small bag in the center console containing a white powdery substance.

45. The Nebraska Public Service Laboratory confirmed this substance was approximately 4.75 grams of cocaine salt.

46. Inside the Jeep Liberty officers located a plastic bag containing 10 blue pills marked "M30" consistent with fentanyl in the front driver's door pocket.

47. Located behind the fuel door of the Jeep Liberty, officers located a plastic bag containing 8 blue pills marked "M30" consistent with fentanyl.

48. Inside the Jeep Liberty officers located under the driver's seat 6 blue pills marked "M30" consistent with fentanyl.

49. Inside the Jeep Liberty officers located a large Ziploc bag containing a large amount of blue pills marked "M30" as well as a white powdery substance.

50. The Nebraska Public Service Laboratory confirmed this bag contained 3,374 fentanyl pills, over 4 grams of methamphetamine, and less than 1 gram of cocaine.

51. Officers interviewed Labrya Hollingsworth on scene.

52. Labrya Hollingsworth said she lived in the upstairs bedroom of the residence.

53. Labrya Hollingsworth said she had no knowledge of firearms or narcotics inside the residence.

54. Officers interviewed Jermaine Hickman on scene.

55. Jermaine Hickman said he arrived at the residence earlier in the night to watch the basketball game with Laron Hollingsworth.

56. Jermaine Hickman further advised he did not live at 2716 Crown Point Avenue.

57. Jermaine Hickman further stated he had no knowledge of firearms or narcotics inside the residence.

58. Laron Hollingsworth gave a post-*Miranda* interview to law enforcement.

59. Laron Hollingsworth said he lived at 2716 Crown Point Avenue for approximately 20 years.

60. Laron Hollingsworth admitted to being a felon and was aware he could not possess firearms.

61. Laron Hollingsworth denied knowledge of firearms or narcotics.

62. Laron Hollingsworth claimed he did not use the Jeep Liberty but obtained the vehicle for his daughter.

63. Laron Hollingsworth said the Jeep Liberty had not been used for an extended period of time and was unaware if the vehicle even ran.

64. Laron Hollingsworth described his bedroom as the southwest main level bedroom.

65. Laron Hollingsworth asserted he did not utilize the northwest bedroom where the fentanyl pills, ammunition, and U.S. currency were located but said he believed it belonged to Angelique Burns' sons.

66. Laron Hollingworth had approximately 14 grams of suspected marijuana in two bags located in his front shorts pocket.

**Claim for Relief**

WHEREFORE the United States of America prays the defendant property be proceeded against for forfeiture in accordance with the laws, regulations and rules of this Court; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that the defendant property be condemned, as forfeited, to the United States of America and disposed of according to law and regulations; that the costs of this action be assessed against the defendant property; and for such other and further relief as this Court may deem just and equitable.

UNITED STATES OF AMERICA,
Plaintiff

STEVEN A. RUSSELL
Acting United States Attorney

By: s/ *Mikala Purdy-Steenholdt*
MIKALA PURDY-STEENHOLDT
(NY#5112289)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
Tel: (402) 661-3700
Fax: (402) 345-5724
Email: Mikala.Purdy-Steenholdt@usdoj.gov

## VERIFICATION

I, Special Agent Michael Netherton, hereby verify and declare under penalty of perjury that I am a Special Agent with the Federal Bureau of Investigation ("FBI"), that I have read the foregoing Verified Complaint *in Rem* and know the contents thereof, and that the factual matters contained in paragraphs 8 through 66 of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the FBI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: October 25, 2022.

**Michael Netherton**
Special Agent
FBI